UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMAD SEFIANE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-298 |
| | § | |
| CHRIS SAEEGH, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Samad Sefiane filed a lawsuit against two employees of his former employer. The crux of the complaint is that the defendants stole his truck. The complaint must be dismissed for lack of subject matter jurisdiction.

The jurisdiction of federal courts is limited to cases or controversies that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180 (1803)); *Scarlott v. Nissan North Amer., Inc.*, 771 F.3d 883, (5th Cir. 2014) ("Federal courts are courts of limited jurisdiction 'hav[ing] only the authority endowed by the Constitution and that conferred by Congress.'") (quotation omitted). Federal courts have a duty to evaluate subject matter jurisdiction, even if the parties do not raise this issue, before reaching the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) ("Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims.") (citations omitted). If a district court determines at any time that it lacks subject matter jurisdiction, it "must dismiss the action." FED. R. CIV. P. 12(h)(3).

Generally, a federal district court has the authority to hear two types of cases: (1) cases in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32.

Plaintiff alleges that the defendants stole his truck. In the context of a civil suit, this appears to allege a Texas state tort claim for conversion. "The tort of conversion is defined as the (1) unauthorized and wrongful exercise of dominion and control over (2) another person's property (3) to the exclusion of or inconsistent with the rights of the plaintiff." *Curtis v. Anderson*, 106 S.W.3d 251, 256 (Tex. App. [Austin] 2003).

Plaintiff does not identify any violation of any right secured by federal law or the U.S. Constitution. He also identifies himself and the defendants as Texas residents, and seeks damages of $20,000. Neither the domiciles of the parties nor the amount in controversy is sufficient to satisfy the prerequisites for diversity jurisdiction. Because this Court lacks subject matter jurisdiction, it is ORDERED that the complaint (Doc. # 1) is DISMISSED WITHOUT PREJUDICE. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is DENIED AS MOOT.

It is so ORDERED.

SIGNED on this 30th day of January, 2019.

                                            _____
                                            Kenneth M. Hoyt
                                            United States District Judge